UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

Christine M. Lockette_____ )
                                      )
_____ )
                                      )
_____ )
(Enter above the full name of the Plaintiff[s] )
in this action)                       )
                                      ) Case No. _____
                                      )    (To be assigned by Clerk
        - vs. -                       )     of District Court)
                                      )  "Jury Trial Demanded"
Dr. Miracle LLC _____ )
                                      )   "Pending Jurisdiction"
Solo Laboratories Inc._____ )
                                      )
King Beauty Distributor Corporation\_\_\_ )
                                      )
_____ )

## Jurisdiction and venue

I.

1. This action arises under the Civil Right Act of 1871 and 42 U.S.C. {1983 and / or The Eighth Amendment to the Constitution of the United States and 28 U.S.C. {2201 and {2202.
2. Venue is properly before this court, over the matter presented here in as at all times mentioned herein, the defendant's offices are within this court's district and division and this plaintiff resides within this court's district and division.

## Statutory and Constitution Authorities

3. This action against named herein defendants to secure equitable relief and monetary relief, for violations of this plaintiffs' rights under the Eighth Amendment to the Constitution of the United States.
4. Plaintiff hereby challenges the defendants acts of being Negligence and Deliberately Indifferent to plaintiffs' serious medical needs and/or the defendants' act to intentionally and / or unreasonably delay this plaintiff adequate medical care, both of which are governed under the provisions of the Eighth Amendment to the Constitution of the United States.
5. The Eighth Amendment to the Constitution of the United States, states in relevant part: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment in flicked.
6. Declaratory Relief, 28 U.S.C. {2201 and {2202.
7. 42 U.S.C. 1983

## Statement of Facts

II.  Plaintiff, Christine M. Lockette resides at 2858 North Euclid Avenue, Saint Louis city Missouri 63115 (314) 561-8599.

III.  Defendants' Dr. Miracle LLC lives at, or it business is located at 40 East 34th Street room 405 New York   New York 10016-4402

Serve: Randy R. Zeno
       Chief Executive Officer
       40 East 34th Street
       New York, NY 10016-4402

                And

       Solo Laboratories Inc.
       2715 Grant Avenue
       Bellwood IL 63104-1247


Serve: Brian D. Corcoran
       Vice President
       550 West Jackson Blvd.
       Suite 1500
       Chicago IL 60661-4716

                And

       King Beauty Supply Distributor Corporation
       1330 Aubert Avenue
       Suite 109
       Saint Louis MO 63113


Serve: Young Baik
       1330 Aubert Avenue
       Suite 109
       Saint Louis MO 63113

## Statements of Facts:

1. The plaintiff Christine M. Lockette 46 years old black female woman who reside at 2858 North Euclid Ave. Saint Louis MO 63115 for 23 years with spouse Robert E. Lockette and married for 26 years as of January 17, 2011. This union produced six children, Hannah M. Lockette, Elizabeth J. Lockette, Isaac J. Lockette, and Caleb I. Lockette, Benjamin Lockette, and Sarah C. Lockette.
2. Owner of Chrissy's Interior Design founded November 4, 1988 to the present. Co founder and owner of the North Side Home School Association since 2004 and licensed as DBA in 2010, both businesses are located at the above mentioned address.
3. The plaintiff is an Evangelist at the Good New Apostolic Church, for over 5 years and property owner of three pieces of properties.
4. The plaintiff Mrs. Christine Lockette purchased Dr. Miracle's Hot Gro Hair and scalp treatment conditioner in January 2008, from King Beauty Supply Distributor Corporation located at 1330 Aubert Avenue Suite 109 Saint Louis Missouri 63113.
5. This product trademark is owned by Dr. Miracles Inc. registered at 183 Madison Avenue, Suite 405 New York, NY 10016. The Dr. Miracle's trademark is filed in the category of cosmetics and cleaning products pharmaceutical products. The company who manufactured and produced the packaged Dr. Miracle's Hot Gro Hair and scalp treatment conditioner is Solo Lavatories located at 2715 Grant Avenue, Bellwood IL 60104. And distributed by King's Beauty Supply Distributor Corporation located at 1330 Aubert Avenue Suite 109 Saint Louis Missouri 63115.
6. After following the printed label on the jar, plaintiff was instructed by the label jar to apply use of the Hot Gro Hair and scalp treatment conditioner to plaintiff head , and plaintiff' quote "use twice a day to scalp and massage gently". And "Now experience my "Feel it" Formula. Use on your hair as a finishing touch. Leave in. Style as usual.
7. After two to three weeks of using Dr Miracle's Hot Gro Hair and scalp treatment conditioner, irritation to plaintiff scalp begin to show with medium to large painful puss filled infectious bumps on the left crown side of plaintiff's head. And when the infectious medium to large bumps pops it would spread to the uncontaminated area where it would contaminate the other area to be infected. Which also cause the hair to be extracted from the plaintiff roots, which caused permanent scaring and a bald spots to infected area.
8. Plaintiff suspected Dr. Miracle Hot Gro Hair and scalp treatment conditioner was the cause of the infected medium to large pus fill bumps since plaintiff never had any scalp problems at all.
9. Plaintiff never had dandruff or bumps of any kind on in or near her head.
10. So when these medium to large painful puss filled infectious bumps occurred on plaintiff scalp. The plaintiff again heeded to the warning printed on the jar and plaintiff quotes" Discontinued use if signs of irritation or rash appear". (If irritation or rash persists, consult a doctor). In which plaintiff eventually did when the infected area would not heal.
11. Outbreaks of more painful infectious bumps would reoccur but this time more infected and painful than before. Which led plaintiff to seek professional help at the emergency room hospital name St. Alexius Hospital located at 3933 S. Broadway St. Louis MO 63118 on July 06, 2008. Where numerous tests were performed on plaintiff. Plaintiff showed signs of rashes and hives that were visible on plaintiff arms, along with medium to large bumps in plaintiff's head, and was sent home with medication to treat the rash on her arms but not the scalp irritation. The Hospital could not find the defendant's first aid emergency reports plan.

12. When the irritation became more and more inflamed again Mrs. Christine Lockette sought treatment at a dermatologist Dr. Craig Spenner on November 19, 2009 at 439 S. Kirkwood Suite 206 in Kirkwood MO 63122. Dr. Spenner asks how this outbreak occurred and Mrs. Christine Lockette explains to him how the plaintiff purchased and used Dr. Miracle product on her scalp and hair. And how they the hospital and the plaintiff family members were trying to contact the Dr. Miracle Corporation. To inquire about the information given on the jar was correct and what ingredients in this product could be the cause this type of irritation.
13. Dr. Spenner's temporary diagnostic was a form of seborrhea but not really because he was a little baffle, about why it had not spread to plaintiff's face and body like others who has suffered from this condition and irritation.
14. Dr. Spenner assured plaintiff that he would try to contact Dr. Miracle LLC himself for any kind of remedies that might speed up plaintiff's recovery. To no avail when plaintiff return to Dr. Spenner office on 11/23/09. The results was not favorable for plaintiff because Dr. Spenner could not find any written statements on the product mention or any first aid emergency reports plans that were supposed to be available to hospitals and dermatologists in the event of a injury to the plaintiff and to the public
15. As a direct and proximate cause of defendants' product. Plaintiff usage of Dr. Miracle's Hot Gro Hair scalp treatment conditioner has left plaintiff with permanently disfigurement raw visible scares to her scalp, when combed or washed.

Plaintiff re-alleges and incorporates by reference the allegations contain in Paragraph 1 through 15 of this complaint.

## Count I. NEGLIGENCE- Cause of Action- Breach of duty

16. At all times relevant to the alleged action that all the Defendants had a duty to the Plaintiff and the public to follow the good manufacturing practice when making their products. Each one of the mentioned companies should be familiar with the regulated product handbook. A guide for manufactures, importers, distributors and retailer on procedure relating to the enforcement of standards and regulations issued under the consumer product safety act. (CPSA). And the poison prevention packaging act (PPPA).
17. Based on what they knew or reasonable should have known the defendants deviated from principles of due care, deviated from the good manufacturing practice when making their products, otherwise is negligent in one or more of the following particulars.
    A. Defendants breach of duty by failing of due of care to Plaintiff by not following good manufacturing practice in making their products. Solo Laboratories had no written procedures for production and process controls to assure that the drug products have the identity, strength, quality and purity they purport or are represented to posses.
    B. Solo Laboratories fail to employ well qualified personnel. Unsanitary storage of material allowing contamination.
    C. Failure to adequately clean laboratory equipment.
    D. Failure to test batch uniformity
    E. No procedure describing the testing of water samples from the deionizer water system.
    F. No procedures describing the lot number system for finished products.
    G. No procedures describing the swabbing of the tanks and kettles for microbial contamination after cleaning and sanitization.
    H. No procedures or established records describing the warehousing of drug products.

I. No written procedures for handling complaints, or recalls or injuries reports.
J. No bovine tissue or bovine tissue-derived ingredients written procedures that describe the handling of possible bovine tissue derived ingredients available.
K. No GMP training and on the job training for employees.
L. No annual requirement for drug registration from defendants
M. Failure to follow the approved or established GMP's for the specific product being tested.

### Count II. Deliberate Indifference

Plaintiff re-alleges and incorporates by reference the allegations contain in paragraph 1 through 17 of this complaint.

N. Defendants participated in the manufacturing, distribution and sale of a defective product.
O. The defendants participated in the manufacturing, distribution and sale of a hazardous substance or corrosive products.
P. Defendants should have known of any and all violations of the F.H.S.A. rules, in the title 15 of the U.S. codes, committed by its manufacturing and distribution companies.
Q. Defendants had control over the abnormally dangerous product and the product intended handling use and storage, at all time.
R. Defendants was negligent in failing to properly hire and supervise the daily operations and production of its product being produced at its manufacturing and distribution companies, that created a clear immediate risk and injury to the Plaintiff. As a direct and proximate result, Plaintiff sustained and continually to suffered with permanent disfiguring sores and bumps.

I. Relief:

1. Plaintiff wants the court to award 30,000,000 on Count I.
2. Plaintiff wants the court to award 10,000,000 on Count II.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for ($50,000,000.00) plus interest, cost and any other relief this court deems proper.

II. MONEY DAMAGES;

A) Do you claim either actual or punitive monetary damages for the act alleged in this complaint?

YES [ x }            NO [   ]

B) If your answer to "A" is YES, state below the amount claimed and the reasons or reasons you believe you are entitled to recover such money damages:

1. Plaintiff has been caused; presently and in the future to sustain and continually to suffer with permanent disfiguring sores and bumps. And wants the court to award plaintiff 10,000,000 for this direct and proximate cause of the product produced by the defendants'.

III. Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [ x ]            NO [   ]

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5th day of April 20 11

_____
Signature of Plaintiff(s)