UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE M. LOCKETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00605 AGF |
| | ) | |
| DR. MIRACLE LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On March 12, 2012, this Court issued an Order requiring Plaintiff to Show Cause (Doc. No. 50) why this action should not be dismissed for lack of federal subject matter jurisdiction, noting that Plaintiff's complaint fails to allege either a violation of constitutional or federal law or meet the requirements for diversity jurisdiction.  Plaintiff filed responses (Doc. Nos. 53 and 59) to the Order to Show Cause, seeking the entry of default and default judgment as to all three Defendants and addressing the issue of subject matter jurisdiction.  Earlier Plaintiff also filed a motion for sanctions (Doc. No. 42) setting forth essentially the same arguments with respect to default judgment as those in her responses to the order to show cause.  The Court will construe that motion as an additional request for default judgment.

With respect to Plaintiff's request for entry of default and default judgment, the Court again notes that entry of default is not appropriate because Plaintiff failed to effect proper service and proof of service on all Defendants until March of  2012.  As Plaintiff is proceeding pro se, the Court will explain in greater detail why it did not enter default. On May 17, 2011, Defendant Dr. Miracle, LLC ("Dr. Miracle") waived defects in service

and filed a responsive pleading, in the form of a motion to dismiss. Plaintiff filed a motion for default judgment on that date and has repeatedly asserted that Dr. Miracle was in default at that time and should not have been permitted to file it responsive pleading. Whether Plaintiff had, at that point, effected proper service on Dr. Miracle is unclear, but assuming that she had, the Court nonetheless would not have declared Dr. Miracle in default given the filing of its responsive pleading on the same day as the motion for default. *See* Fed. R. Civ. P. 55(b)(2) and (c).

With respect to Defendants King Beauty Distributor Corporation ("King Beauty") and Solo Laboratories, Inc. ("Solo"), Plaintiff first attempted service in April of 2011, but failed to obtain sufficient proof of service as to the party or designated agent of each entity in compliance with Rule 4(h)(1)(B). The Court afforded Plaintiff two additional opportunities to achieve service issuing both alias and pluries summons. Thereafter, on March 4, 2012, Plaintiff properly served King Beauty, and on March 6, 2012, she properly served Solo. As of this date, each of those parties has filed a responsive pleading or been granted additional time to file a responsive pleading. (Doc. Nos. 55, 56, 57, and 58.)

Further, the Court has "a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2001). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (cited case omitted.) The Court notes with respect to all three Defendants, that without subject matter jurisdiction, even entering an order of

2

default would not be appropriate. *See Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (holding that "In every federal case the Court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments") Therefore, Plaintiff's requests for entry of default will be denied.

With respect to the question of this Court's authority to hear Plaintiff's case, the Court notes that Plaintiff's responses to the Order to Show Cause are directed to the question of venue rather than jurisdiction and are not sufficient to cure the defects in her complaint fully set forth in this Court's Order of March 12, 2012, or to create a basis for this Court's exercise of jurisdiction over her complaint. This determination applies only to the question of federal jurisdiction, and the Court notes that this ruling has no effect on Plaintiff's ability to pursue her claims in state court.

Accordingly,

The Court having construed Plaintiff's motion for sanctions and portions of her responses to the Court's Order of March 12, 2012, as motions for default judgment,

**IT IS HEREBY ORDERED** that Plaintiff's motions for default and related motions are **DENIED**. (Doc. Nos. 42, 43, 44, 53, and 59.)

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed** for lack of subject matter jurisdiction.

A separate order of dismissal shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2012.

3